52 F.3d 1123
 311 U.S.App.D.C. 278
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Jose B. SALAMANCA, Defendant-Appellant.
 No. 93-3205.
 United States Court of Appeals, District of Columbia Circuit.
 March 16, 1995.
 
 Before: SENTELLE, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties, and on oral arguments presented March 7, 1995. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the sentence pronounced by the district court which appellant challenges here be affirmed. The district court did not err in enhancing appellant's sentence based upon the status of his victim as an officer of the United States under U.S. Sentencing Guidelines Sec. 3A1.2(a), which allows an enhancement where the "victim was a government officer or employee ... and the offense of the conviction was motivated by such status." Commentary to this Guideline provides that the adjustment does not apply "if the offense guideline specifically incorporates this factor." Commentary to U.S.S.G. Sec. 3A1.2, Application Note 2. Here, however, the Guideline which served as a basis for appellant's sentence, Sec. 2A2.1, applies to any attempted murder, regardless of the status of the victim. This conclusion is supported by the Application Note to Sec. 3A1.2, which provides that the only offense guideline in Chapter Two, Part A, the section under which appellant was sentenced, which incorporates the victim's official status is Sec. 2A2.4, a provision dealing with obstructing or impeding officers which does not apply here. Id. Thus, the court did not err in enhancing appellant's sentence based upon the victim's status.
 
 
 3
 Additionally, appellant had proper notice that the court would consider an enhancement for obstruction of justice under U.S.S.G. Sec. 3C1.1. Appellant's presentence report clearly contemplated an enhancement under this section, noting, "This investigation revealed that defendant Jose Salamanca tried to coerce a witness, Olinda Martinez, into changing her testimony." Although the exact statement relied upon by the court was not specified under the "Obstruction of Justice" heading in the presentence report, it was detailed elsewhere in the presentence report, as appellant admitted at oral argument. We do not read Burns v. United States, 111 S.Ct. 2182 (1991), to require the government to give advance notice to the defendant of each piece of specific evidence to be relied upon in seeking an enhancement. Thus, the presentence report contained information sufficient to apprise appellant that the government was seeking an obstruction of justice enhancement and of the evidence that would be relied upon in seeking the enhancement. The obstruction enhancement was not error.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.